UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANTOANETA IOTOVA, et al., | CASE NO. 1:17 CV 1788 |
| Plaintiffs, | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| OCWEN FINANCIAL CORPORATION, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

*Pro Se* Plaintiffs Antoaneta Iotova and Issak Almaleh seek to bring this *in forma pauperis* action under the False Claims Act, see 31 U.S.C. §§ 3729, 3730(b)(1), on behalf of the United States of America, against the following Defendants: Ocwen Financial Corporation; Altisource Solutions, Inc.; Altisource Online Auction, Inc.; Shapiro & Fishman LLP; Ronald Wolfe and Associates; Ciarfield, Okon, and Salomone P.L.; Blank and Rome LLP; and, Blanch Law Firm. The allegations in the Complaint are somewhat disjointed, but Plaintiffs essentially state that Defendants profited from representing major banks in "fraudulent foreclosure schemes." Plaintiffs further allege there is a pending federal criminal prosecution against them in the United States District Court for Southern District of New York. They seek dismissal of that case and damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

It is well established that a *pro se* litigant cannot bring a qui tam action under the False Claims Act. *See, e.g., Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir.2004). Further, as regards the criminal action against Plaintiffs, any defenses they seek to assert must be raised in that case. Finally, absent allegations that criminal proceedings terminated in their favor or that a conviction stemming from the asserted violation of their rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiffs may not recover damages for their claim. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Solomon Oliver, Jr.
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 20, 2017